# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CHRISTINE BELAVEK,

     Plaintiff,

v.

                                   CASE NO.:

NAVIENT SOLUTIONS, LLC,

     Defendant.

_____/

## COMPLAINT

1.     Plaintiff, Christine Belavek, alleges Defendant, Navient Solutions, LLC, robocalled her more than 200 times in stark violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"), and Invasion of Privacy ("IOP").

2.     Shockingly, Americans were bombarded with 5.2 *billion* robocalls last month—an increase by an incredible 370% just since December 2015.[1]

3.     Upon information and belief, Navient Solutions, LLC robocalled the Plaintiff 200 times.

4.     Upon information and belief, Navient Solutions, LLC has a corporate policy to robocall people thousands of times.

5.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone

---

[1] YouMail Robocall Index, available at http://RobocallIndex.com/

subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank*, F.S.B., 746 F. 3d 1242, 1256 (11th Cir. 2014). Despite the penalties put in place over 26 years ago, robocall abuse continues to skyrocket.

6.     Robocalls are very inexpensive to make. As was noted in a Senate hearing on the subject: "With such a cheap and scalable business model, bad actors can blast literally tens of millions of illegal robocalls over the course of a single day at less than 1 cent per minute." *Stopping Fraudulent Robocall Scams: Can More Be Done?: Hearing Before the Subcomm. on Consumer Prot., Prod. Safety, and Ins. of the S. Comm. on Commerce, Sci., and Transp.*, 113 Cong. 113-117 (2013) (statement of Lois Greisman, Assoc. Director, Division of Marketing Practices, Bureau of Consumer Protection, Federal Trade Commission).

7.     The TCPA was enacted to prevent companies like Navient Solutions, LLC from invading American citizens' privacy and prevent illegal robocalls.

8.     Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; see also *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

9.     According to findings by the FCC—the agency Congress vested with authority to issue regulations implementing the TCPA—such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that

wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

## JURISDICTION AND VENUE

10.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

11.    Violations described in the Complaint occurred while Plaintiff was in Lakeland, Florida.

## FACTUAL ALLEGATIONS

12.    Plaintiff is a natural person and citizen of the State of Florida, residing in Lakeland, Florida.

13.    Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

14.    Plaintiff is an "alleged debtor" as defined in Florida Statute § 559.55(8).

15.    Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014); *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

16.    Defendant is a limited liability company with its principal place of business in Reston, Virginia, and conducts business in the State of Florida.

17.    Defendant is a "creditor" as defined by Florida Statute § 559.55(5).

18.    The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute § 559.55(6).

19.    Plaintiff is the regular user and carrier of the cellular telephone number at issue, (863) 777-0231.

20.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

21.     Defendant did not have the "express consent" of the Defendant to call her cell phone.

22.     It is the Defendant's burden to prove they had "express consent" per the TCPA to call the Plaintiff on her cell phone using an "automatic telephone dialing system" (ATDS).

23.     Defendant was put on notice Plaintiff did not want the Defendant contacting her.

24.     In or about October of 2016, Plaintiff began receiving calls from the Defendant in an attempt to collect a debt.

25.     Nearly everytime Plaintiff would answer one of Defendant's calls and be met with a distinct "click" followed by a delay before she was connected to a representative.  This pause is indivative of an automatic dialer.

26.     Plaintiff told the Defendant on several occasions she was unable to pay and to stop calling. On several other occasions she was told by the caller that they were allowed to call her so the calls would continue.

27.     Plaintiff also sent written correspondence to Defendant explaining her inability to pay and that she was receiving supplemental security income (SSI).

28.     Plaintiff expressly revoked any express consent Defendant may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an ATDS or a pre-recorded or artificial voice.

29.     Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

4

30.     Defendant made at least one call to (863) 777-0231.

31.     Defendant made at least one call to (863) 777-0231 using an ATDS.

32.     Defendant made at least fifty (50) calls to (863) 777-0231.

33.     Defendant made at least fifty (50) calls to (863) 777-0231 using an ATDS.

34.     Defendant made at least one hundred (100) calls to (863) 777-0231.

35.     Defendant made at least one hundred (100) calls to (863) 777-0231 using an ATDS.

36.     Defendant made at least two hundred (200) calls to (863) 777-0231.

37.     Defendant made at least two hundred (200) calls to (863) 777-0231 using an ATDS.

38.     Upon information and belief, each call the Defendant made to (863) 777-0231 in the last four years was made using an ATDS, as specified by 47 U.S.C § 227(a)(1).

39.     Each call the Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

40.     Defendant has called other people's cell phones without their express consent.

41.     Multiple calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

42.     Plaintiff repeatedly requested the Defendant to stop calling her cell phone, however, the Defendant continued to make calls.

43.     Defendant has admitted to calling cell phones using an ATDS after that person asked for the calls to stop.

44.     Plaintiff's conversations with the Defendant putting them on notice that they did not want more phone calls were ignored.

45.     Defendant has recorded at least one conversation with the Plaintiff.

46.     Defendant has recorded numerous conversations with the Plaintiff.

5

47.     Upon information and belief, Defendant has made approximately two hundred (200) calls to Plaintiff's aforementioned cellular telephone number since in or about October of 2016 which will be established exactly once Defendant turns over their dialer records.

48.     Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abusive robocalls.

49.     Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

50.     By effectuating these unlawful phone calls, Defendants have caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

51.     Defendant's aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in her cellular telephone and cellular telephone line, by intruding upon Plaintiff's seclusion.

52.     Defendant's phone calls harmed Plaintiff by wasting her time.

53.     Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used."  In re: *Rules Implementing the TCPA of 1991*, 23 FCC Rcd 559, 562 (2007).  Defendant's phone calls harmed Plaintiff by depleting the battery life on her cellular telephone, and by using minutes allocated to Plaintiff by her cellular telephone service provider.

54.     Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have mistakenly believed it had.

55.     Defendant's corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular number removed from the call list.

6

56.     Defendant has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

57.     Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.  The Defendant has been sued civilly in Federal Court 793 times since 2015. (According to pacer.gov in July of 2019).

58.     In the last 3 years, the Defendant has had 1,427 complaints reported to the Better Business Bureau (BBB), of which 1,063 of those complaints are classified as being related to "Billing/Collection Issues." (According to bbb.org in July of 2019).

59.      Plaintiff expressly revoked any consent Defendant may have believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice immediately upon Defendant's placement of the calls. Making money while breaking the law is considered an incentive to continue violating the TCPA and other state and federal statutes.

60.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

61.     Defendant violated the TCPA and FCCPA with respect to the Plaintiff.

62.     Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

### COUNT I
### (Violation of the TCPA)

63.     Plaintiff incorporates Paragraphs one (1) through sixty-two (62).

64.     Defendant willfully violated the TCPA with respect to the Plaintiff each time they called the Plaintiff after she revoked her consent to be called by them using an ATDS or pre-recorded voice.

65.     Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialed calls made to Plaintiff's cellular telephone after Plaintiff revoked her consent to be called by them using an ATDS or pre-recorded voice.

66.     Defendant, Navient Solutions, LLC, repeatedly placed non-emergency telephone calls to the wireless telephone number of Plaintiff using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

67.     As a result of Defendant's illegal conduct, Plaintiff suffered actual damages and, under § 227(b)(3)(B), is entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

68.     Plaintiff is also entitled to, and does, seek injunctive relief prohibiting Defendant, Navient Solutions, LLC, from violating the TCPA in the future.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## <u>COUNT II</u>
### (Violation of the FCCPA)

69.     Plaintiff incorporates Paragraphs one (1) through sixty-two (62).

70.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

71.     Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of her family with such frequency as can reasonably be expected to harass the debtor or her family.

72.    Defendant has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her family.

73.    Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder of future illegal conduct, and any other such relief the court may deem just and proper.

## COUNT III
### (Invasion of Privacy – Intrusion Upon Seclusion)

74.    Plaintiff incorporates Paragraphs one (1) through sixty-two (62).

75.    Defendant through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

76.    All of the calls made to Plaintiff's cell phone by Defendant and its agents using an automatic telephone dialing system were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

77.    Defendant's persistent autodialed calls to her cellular phone eliminated Plaintiff's right to be left alone.

78.    Defendant's autodialed collection calls disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff during mealtimes, disrupted Plaintiff during her work, and continually frustrated and annoyed Plaintiff.

79.     These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with her cellular phone.

80.     By calling her cellular phone, Plaintiff had no escape from these collection calls either in her home or when she left the home.

81.     By persistently autodialing Plaintiff's cellular phone without prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

82.     Defendant's harassing collection conduct and tactic of repeatedly auto dialing Plaintiff to her cellular phone after requests to stop is highly offensive to a reasonable person.

83.     Defendant intentionally intruded upon Plaintiff's solitude and seclusion.

84.     As a result of Defendant's action or inaction, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

Respectfully submitted,

*Amanda J. Allen*
**Amanda J. Allen, Esq.**
Florida Bar No.: 0098228
Amanda@TheConsumerProtectionFirm.com
William "Billy" Peerce Howard, Esq.
Florida Bar No.: 0103330
Billy@TheConsumerProtectionFirm.com
THE CONSUMER PROTECTION FIRM
4030 Henderson Boulevard
Tampa, FL 33629
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
*Attorney for Plaintiff*

10